UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Charles H. Johnson,

    Plaintiff,

v.	Case No. 07-12750

Secretary of Veterans Affairs, *et al.*,	Honorable Sean F. Cox

    Defendants.
_____/

## **OPINION & ORDER**

Plaintiff Charles Johnson ("Plaintiff") is a former member of the United State Air Force who filed this action on June 29, 2007, asking this Court to review two Merit Systems Protection Board Appeals that he previously filed. This matter is currently before the Court on Defendants' Motion to Dismiss. Defendants contend that this Court is without jurisdiction to review either of those appeals and that the Court should therefore dismiss Plaintiff's complaint. The parties have briefed[1] the issues and the Court heard oral argument on January 17, 2008. For the reasons below, the Court shall GRANT Defendants' motion.

### BACKGROUND

Plaintiff is a former member of the United States Air Force. In his *pro se* complaint, Plaintiff requests "joinder and judicial review of two Merit Systems Protection Board Appeals" that he previously filed: 1) *Johnson v. Department of Veterans Affairs;* and 2) *Johnson v. Department of the Treasury*. (Pl.'s Compl. at 1).

---

[1]Johnson filed a response brief in opposition to Defendants' motion and, following oral argument, also filed another brief titled "Request for Favorable Decision" on February 4, 2008.

1

A.  *Johnson v. Department of Veterans Affairs*:

On January 29, 2003, Plaintiff filed an appeal with the Merit Systems Protection Board ("MSPB") under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), which prohibits discrimination in employment on the basis of military service. (*See* Exhibit 1 to Def.'s Br.).

Plaintiff's appeal with the MSPB was filed as an unsuccessful applicant for agency employment. Plaintiff applied for work at the Veterans Affairs Medical Center in Detroit, Michigan on January 21, 2003, and filed his appeal with the MSPB approximately one week later, after he had not yet been selected for a position. Plaintiff alleged that the agency discriminated against him on the basis of his veteran status by failing to select him for several position and by refusing to allow him to apply for two other positions.

In a written Initial Decision issued on June 19, 2003, the MSPB found that Plaintiff had not met his burden of proving discrimination and denied his appeal. (*Id.*). That opinion notified Plaintiff that he could request Board review of the Initial Decision by filing a petition for review and that if he failed to do so the Initial Decision would become final on July 24. 2003. It also advised Plaintiff that if he was not satisfied with the MSPB's final decision he may file a petition with the United States Court of Appeals for the Federal Circuit. (*Id.*).

That initial decision became final and Plaintiff filed a timely appeal with the United States Court of Appeals for the Federal Circuit. In an opinion issued on March 4, 2004, the Federal Circuit affirmed the MSPB's decision. (*See* Exhibit B to Def.'s Br.).

On or about May 18, 2007, Plaintiff asked the MSPB to review the case again. The MSPB responded by advising Plaintiff that its initial decision was final, that it had been affirmed

2

by the Federal Circuit, and that to the extent his correspondence could be construed as a request to reopen the matter, the request was denied. (*See* Exhibits 1 & 2 to Pl.'s Compl.).

B.      *Johnson v. Department of Treasury:*

On June 15, 2006, Plaintiff filed another appeal with the MSPB, this time alleging that the Department of Transportation discriminated against him when it did not hire him for employment. (*See* Exhibit 3 to Def.'s Br.). Plaintiff brought claims under USERRA, the Veterans Employment Opportunities Act of 1998 ("VEOA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Age Discrimination and Employment Act ("ADEA").

In a written Initial Decision dated October 11, 2006, the MSPB denied Plaintiff's petition for remedial action. (*Id*.).

With respect to his claims brought under USERRA, the MSPB found that Plaintiff "failed to make any allegation that, if true, would demonstrate that his past performance of uniformed service was a substantial or motivating factor in the agency's determination not to select him for the positions in question."

The MSPB also dismissed all but one of his VEOA claims because Plaintiff had not filed a complaint with the Department of Labor ("DOL"). The MSPB dismissed the remaining VEOA claim, which had been denied by the DOL, because it concluded that Plaintiff did not prove that the agency violated his veterans' preference rights.

As to the Title VII and ADEA claims, the MSPB stated:

> The Board has determined that its jurisdiction in a pure USERRA or VEOA appeal, i.e., one that does not involve an action otherwise appealable under 5 U.S.C. § 7512, is limited to hearing the claim that USERRA or VEOA was violated and does not extend to deciding claims of Title VII discrimination and other similar claims. *See Metzenbaum v. Department of Justice*, 89 M.S.P.R. 285, P15 (2001); *Bodus v. Department of the Air Force*, 82 M.S.P.R. 508, P17 (1999);

> *Ruffin v. Department of Treasury,* 89 M.S.P.R., 396, P11. For these reasons I
> have not adjudicated the appellant's claim of discrimination based on race and
> age.

(*Id*. at * 12-13).

The June 15, 2006 Initial Decision advised that it would become final on November 15, 2006, unless a timely petition for review were filed. It also advised that if Plaintiff is dissatisfied with the MSPB's final decision, Plaintiff could file an appeal with the Federal Circuit.

The MSPB issued a Final Order on June 5, 2007, wherein it denied Plaintiff's petition for review asking for reconsideration of the initial decision. (Ex. 7 to Pl.'s Compl.). That Final Order again advised Plaintiff advised Plaintiff of his "right to request the United States Court of Appeals for the Federal Circuit to review" the decision. (*Id*.). It does not appear, however, that Plaintiff filed an appeal with the Federal Circuit.

## ANALYSIS

A. <u>The Federal Circuit Has Exclusive Jurisdiction To Review MSPB Rulings Regarding USERRA Claims.</u>

Defendants contend that this Court lacks jurisdiction to review any of the USERRA claims in the two appeals before the MSPB because the Federal Circuit has exclusive jurisdiction to review USERRA claims. To support that position, Defendants note that the MSPB has jurisdiction to hear USERRA claims. *See* 5 C.F.R. §1208.2(a). Defendants then site to 38 U.S.C. § 4324(d)(1), which provides that a "person adversely affected or aggrieved by a final order or decision of the Merit Systems Protection Board under subsection (c) may petition the **United States Court of Appeals for the Federal Circuit** to review the final order or decision." 38 U.S.C. § 4324(d)(1)(emphasis added). Defendants also rely on 5 U.S.C. § 7703 and note that 28 U.S.C. § 1925(a)(9) states that the Federal Circuit shall have "exclusive jurisdiction" of "an

4

appeal from a final order or final decision of the [MSPB], pursuant to sections 7703(b)(1) and 7703(d) of title 5."

5 U.S.C. § 7703 (b) provides that, with the exception of certain cases of discrimination under the Civil Rights Act of 1964 and certain sections of the Age Discrimination in Employment Act of 1967 and the Fair Labor Standards Act of 1938, "a petition to review a final order or final decision of the [MSPB] shall be filed in the **United States Court of Appeals for the Federal Circuit**." 5 U.S.C. § 7703(b)(Emphasis added); *see also Alder v. Tennessee Valley Authority*, 43 Fed. Appx. 952, 956 (6th Cir. 2002)(explaining that the Civil Service Reform Act provides for judicial review from final orders of the MSPB and that, except in certain discrimination cases delineated in § 7702, a petition to review a final order of the MSPB must be filed in the Federal Circuit which has "exclusive jurisdiction" of such decisions).

The Court agrees that Plaintiff's first MSPB case (*Johnson v. Department of Veterans Affairs*), which contains only a USERRA claim and no discrimination claims under the statutes enumerated in 7703(b)(2), can only be appealed to the Federal Circuit. Thus, this Court lacks jurisdiction to review the MSPB's decision in that case. Indeed, Plaintiff already appealed that matter to the Federal Circuit, which affirmed that decision.

B.   <u>The MSPB's Rulings Regarding Plaintiff's VEOA Claims Are Not Reviewable By This Court.</u>

Defendants further contend that under no circumstance could this Court review the VEOA claims raised in Plaintiff's second MSPB appeal (*Johnson v. Department of Treasury*) because Plaintiff has not met the statutory prerequisites for pursuing those claims in district court.

Under 5 U.S.C. § 3330a(a)(1)(A), a preference eligible who alleges that an agency has

5

violated such individual's rights under any statute or regulation relating to veterans' preference may file a complaint with the Secretary of Labor." A decision of the Secretary of Labor may then be appealed with the MSPB if certain requirements are met. 5 U.S.C. § 3330a(d)(1) and (2).

Another route is also available. "In lieu of continuing the administrative redress procedure provided under section 3330a(d), a preference eligible . . . may elect, in accordance with this section, to terminate those administrative proceedings and file an action with the appropriate United States district court not later than 60 days after the date of the election." 5 U.S.C. § 3330b(a). Such an election must be made in writing and be filed with the MSPB. § 3330b(c)); 5 C.F.R. § 1208.24(a). In addition, an election under this section may not be made: 1) before the 121st day after the date on which the appeal is filed with the MSPB; or 2) after the MSPB has issued a judicially reviewable decision on the merits of the appeal. § 3330b(b).

Defendants contend that Plaintiff cannot pursue his VEOA claims in this Court because he did not follow the above termination procedures by filing a written termination election with the MSPB.

The Court agrees that, under the applicable statutory framework, Plaintiff cannot pursue his VEOA claims before this Court because he never filed the requisite election.

C.  <u>Neither Case Filed by Plaintiff Constitutes A "Mixed Case" Providing For Jurisdiction In This Court.</u>

Defendants acknowledge that "[t]here are a certain body of MSPB cases involving discrimination – referred to as 'mixed cases' – that, in some circumstances provide for district court review." (Defs.' Br. at 7). Defendants claim that it is unnecessary to get into the

complexities[2] of the law in this area, however, "because a 'mixed case' cannot be premised on a pure USERRA or VEOA claim, like Plaintiff's claims before the MSPB." (Defs.' Br. at 8). Defendants claim that:

> Plaintiff's claims are "pure" USERRA and VEOA claims because they do not contain an adverse agency action otherwise appealable to the MSPB. *See generally Bodus v. Department of the Air Force*, 82 M.S.P.R. 508, P17 (1999); 5 U.S.C. § 7512 (identifying specific adverse actions, not including those complained of by Plaintiff here). More specifically, non-selection – the adverse action Plaintiff complains about – is not an action appealable to the MSPB. *See, e.g., Wilborn v. Department of Justice*, 230 F.3d 1383; 2000 WL 194114, *1 (Fed. Cir. 2000) (unpublished)("An agency's failure to select an applicant for a vacant position is generally not appealable to the Board")(citing cases).

(*Id.* at n.5).

Thus, Defendants contend that because Plaintiff does not present a mixed case, the exception that allows for district court review of mixed cases under certain circumstances does not apply here.

The Court agrees.

"A mixed case appeal is an appeal filed with the MSPB that alleges that **an appealable agency action** was effected, in whole or in part, because of discrimination on the basis of race, color, religion, sex, national origin, handicap or age." 29 C.F.R. § 1614.302 (emphasis added). The various adverse actions that can be appealed to the MSPB are enumerated in 5 U.S.C. §7512(1-(5) and 5 C.F.R. § 1201.3(a)-(c). *Almaraz v. M.S.P.B.,* 151 Fed. Appx. 955, 957 (Fed. Cir. 2005).

The Sixth Circuit has explained that a "mixed case is one where a federal employee

---

[2]There is a very complicated statutory scheme for proceeding with a mixed case. The Sixth Circuit has described the processing of a mixed case as a "procedural maze." *Valentine-Johnson, supra*, at 802.

alleges that she suffered from an adverse agency action appealable to the [MSPB], and that the action was also based on discrimination in violation of Title VII." *Valentine-Johnson v. Roche*, 386 F.3d 800, 802 (6th Cir. 2004). For example, a federal employee who is terminated from her job, and also alleges that her termination involved discrimination in violation of Title VI, presents a so-called "mixed case." *Id*. at 805.

Here, however, Plaintiff was not a federal employee. Rather, he was applying for federal employment. Moreover, his claim in *Johnson v. Department of Treasury* involves only his application for employment – it does not involve any of the specific appealable adverse actions found in 5 U.S.C. §7512(1)-(5) or 5 C.F.R. § 1201.3(a)-(c). Accordingly, the Court concludes that Plaintiff has not shown that this is a "mixed case" that could be subject to review in this Court.

D.      Even If Plaintiff Had Filed Mixed Cases, This Court Would Still Lack Jurisdiction To Review Them.

Defendants further assert that even if Plaintiff had filed mixed cases, this Court would still lack jurisdiction to review them because it is well established that even in mixed cases, the Federal Circuit has exclusive jurisdiction when the MSPB only rules on preliminary matters. Defendants rely on *Green v. M.S.P.B.*, 155 F.3d 573, 1998 WL 396153 (Fed. Cir. 1998), wherein the court stated that the Federal Circuit has jurisdiction over mixed cases in which the Board renders a decision on a procedural or threshold matter unrelated to the merits of the discrimination claim. They also rely on *Ballentine v. M.S.P.B.*, 738 F.2d 1244 (Fed. Cir. 1984), wherein the court held that until the merits of a mixed discrimination case are reached by the MSPB, procedural or threshold matters, not related to the merits of the discrimination claim, are appealable to the Federal Circuit.

The Court finds that, based on the above authority, even if *Johnson v. Department of Treasury* were a mixed case, the Federal Circuit is the court with jurisdiction to review it.[3]

CONCLUSION & ORDER

For the reasons above, the Court concludes that it lacks jurisdiction to review either *Johnson v. Department of Veterans* or *Johnson v. Department of Treasury*. The Court therefore **ORDERS** that Defendants' Motion to Dismiss is **GRANTED** and this action is hereby **DISMISSED FOR LACK OF JURISDICTION**.

**IT IS FURTHER ORDERED** that Plaintiff's January 7, 2008 "Motion for Sanctions" (Docket Entry No. 11) is **DENIED FOR LACK OF MERIT.**

**IT IS SO ORDERED.**

> s/Sean F. Cox
> Sean F. Cox
> United States District Judge

Dated: February 13, 2008

I hereby certify that on February 13, 2008, a copy of the foregoing document was served upon counsel of record by electronic means and by First Class Mail upon:

Charles H Johnson
1410 Washington Blvd.
Apt. 905
Detroit, MI 48226

> s/J. Hernandez
> Case Manager

---

[3] Defendants also assert that Plaintiff's complaint should be dismissed under the doctrine of res judicata. It is unnecessary for the Court to reach that additional argument, given that the Court lacks jurisdiction over the complaint.